E-FILED
Tuesday, 10 February, 2026  12:34:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DUSTIN RYAN HASSLER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No. 25-2246 |
| | ) |
| COLLINS *et al.*, | ) |
|     Defendants. | ) |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Dustin Hassler, an inmate at Sheridan Correctional Center. Plaintiff has also filed a Motion for Counsel (Doc. 5) and a Motion for Status (Doc. 11).

I.     Complaint

A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff's pleading names the following Macon County officials: Lieutenant C. Barrows, Sergeant Rentfro, Corrections Officer Collins, Jane Doe, Jane Doe II, and the Macon County Jail ("Jail").

Plaintiff claims that on an unidentified date, he "fell under [Defendant] Collins' observation" in an area without a wet floor sign. (Pl. Compl., Doc. 1 at 5.) Plaintiff claims he injured his right knee, but proper medical care was not provided.

### C. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff does not state a claim against the Jail. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a plaintiff cannot sue a building, such as a Jail or a prison, under § 1983).

Plaintiff also does not state a claim against Defendants Barrows, Doe, Doe II, or Rentfro as he does not provide any facts that establish or permit the inference that they

committed a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Additionally, Plaintiff's statement that Defendant Collins witnessed his fall without more is insufficient to state a constitutional violation.

Consequently, Plaintiff's Complaint is dismissed as it fails to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amendment must be attached to the motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. See Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

II.   **Motion for Counsel**

Plaintiff also moves to recruit counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 5) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motion for Status is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1)   **Plaintiff's Motion for Counsel (Doc. 5) is DENIED.**

2)   **Plaintiff's Moton for Status (Doc. 11) is MOOT.**

3)   **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

4)   **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of this Order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case**

**without prejudice.**

ENTERED February 10, 2026.

s/ *Coleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
