E-FILED
Thursday, 29 October, 2026 03:43:34 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **DUSTIN RYAN HASSLER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-2246** |
| | ) | |
| **COLLINS** ***et al.*****,** | ) | |
| **Defendants.** | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is an Amended Complaint (Doc. 12) filed under 42 U.S.C. § 1983 by Plaintiff Dustin Hassler, a resident of Hackley, Texas.

## I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiff names the following Macon County officials: Lieutenant C. Barrows, Sergeant Rentfro, Corrections Officer Collins, Nurse Tomik, and Does I, II, and III.

From March to July 2024, Plaintiff was detained at the Macon County Jail under conditions he characterizes as deplorable. In this regard, Plaintiff claims he was exposed to mold, mildew, and fungus in the Jail's showers without being provided shower shoes, which caused water to accumulate on the floor, causing him to slip and fall, injuring his right knee, for which he was denied medical treatment. Plaintiff claims he suffered pain, increased stress, and physical and emotional harm as a direct result.

Plaintiff then provides an account of his interactions with Defendants Barrows, Collins, and Renfro, who were aware of the hazardous water condition. Plaintiff also outlines the treatment he sought from Defendants Tomik and Does I, II, and III, which Plaintiff claims they ignored.

## III. Analysis

To prevail on a claim alleging inadequate medical care, a pretrial detainee must prove three elements: (1) the medical condition is or was objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly concerning the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019).

A pretrial detainee's claims of inadequate conditions of confinement are analyzed under the due process clause of the Fourteenth Amendment. *Miranda v. County of Lake*,

900 F.3d 335, 350 (7th Cir. 2018). To prevail on his claim for deliberate indifference to medical needs, a plaintiff must establish, in addition to causation and harm, the following:

> [T]he defendants did not take reasonable available measures to abate the risk of serious harm to [the plaintiff], even though *reasonable officers under the circumstances would have understood the high degree of risk involved*, making the consequences of the defendants' conduct obvious.

*Pittman v. Madison County*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis in original). Such claims are analyzed objectively—a plaintiff "d[oes] not need to prove subjective awareness of the risk of harm." Id. at 564. Instead, the relevant inquiry is "whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id*. at 570.

Plaintiff's account is sufficient to state Fourteenth Amendment conditions of confinement claims against Defendants Barrows, Collins, and Renfro and Fourteenth Amendment objectively unreasonable medical care claims against Defendants Tomik, and Does I, II, and III.

Plaintiff is informed that because the Clerk of the Court cannot effect service of process on a Doe Defendant, Plaintiff must determine their identity during the discovery process. After Defendants Barrows, Collins, Renfro, and Tomik return their respective waivers of service and file an Answer to Plaintiff's complaint, which usually takes sixty days, the Court will enter a Scheduling Order that will open the discovery phase and provide further guidance regarding identification of the Doe Defendants.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's screening of Plaintiff's Amended Complaint (Doc. 22) under 28 U.S.C. § 1915A, Plaintiff states Fourteenth Amendment conditions of confinement claims against Defendants Barrows, Collins, and Renfro, and Fourteenth Amendment objectively unreasonable medical care claims against Defendants Tomik, Doe I, Doe II, and Doe III. Plaintiff's claims against Defendants proceed in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Clerk of the Court is DIRECTED to terminate the Macon County Jail as a Defendant in this case.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. The Court will deny motions filed before counsel files an appearance as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

5) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

6) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

**7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.**

**8) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

**9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

**10) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

**11) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**12) The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED October 29, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE